UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONG HA LEE on behalf of himself
and all others similarly situated,          Civil Action No.: 1:18-cv-4854

         Plaintiff,          **FLSA COLLECTIVE ACTION and NEW YORK CLASS ACTION COMPLAINT**

         -against-

CIRCLE NYC. INC., ROBERT KWAK,          JURY TRIAL DEMANDED
JOSEPH KO, SCOTT ALLING,
JOHN AND JANE DOES 1-10, and
XYZ CORPS 1-10,

         Defendants.
----------------------------------------------------------X

Plaintiff, DONG HA LEE, on behalf of himself and all others similarly situated, by and through his attorneys, Kim & Bae, P.C., complaining of the Defendants, CIRCLE NYC INC., ROBERT KWAK, JOSEPH KO and SCOTT ALLING. (collectively referred to as "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. This action is brought to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201--19 ("FLSA"), and the New York Labor Law ("NYLL") §§ 190 *et seq.* on behalf of the employees who worked for Defendants.

2. Defendants systematically and intentionally ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees

and costs pursuant to the FLSA and NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at the nightclub operated by Defendants, which is located in the Southern District of New York.

## PARTIES

5. The Plaintiff, Dong Ha Lee, is an individual who resides at in the County of Bergen, State of New Jersey.

6. The Defendant, Circle NYC Inc., is a New York corporation, licensed to do business in the State of New York.

7. Upon information and belief, at all times relevant herein, Defendant Robert Kwak is an owner and/or shareholder and/or officer of Circle NYC Inc.

8. Upon information and belief, at all times relevant herein, Defendant Joseph Ko is an owner and/or shareholder and/or officer of Circle NYC Inc.

9. Upon information and belief, at all times relevant herein, Defendant Scott Alling is an owner and/or shareholder and/or officer of Circle NYC Inc.

10. XYZ Companies (Fictitious Names, Nos. 1-10), John Does and Jane Does (Fictitious Names, Nos. 1-10), are fictitious defendants whose identities are unknown to Plaintiff

at this time and who, upon information and belief, are liable in damages arising out of tort or contract to the Plaintiff.

11. At all times relevant herein, Defendant Circle NYC, Inc. operated a nightclub at 135 West 41st Street, New York, New York 10036 ("Circle Nightclub").

12. Defendants employed Plaintiff as a waiter at Circle Nightclub. Plaintiff performed a diverse range of tasks, including but not limited to: setting up Circle Nightclub (i.e. stocking the refrigerators with champagne and beverages, setting and cleaning the nightclub tables); serving patrons of Circle Nightclub; cleaning Circle Nightclub in the early morning hours once the patrons had left; and engaging in promoting Circle Nightclub events.

13. Plaintiff worked for Defendants from on or about February 14, 2008 until on or about May 30, 2017.

14. Defendant Circle NYC Inc. has employees engaged in commerce or in the production of goods for commerce and selling and/or was otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Defendant Circle NYC Inc. is an "enterprise engaged in commerce" within the meaning of the FLSA.

16. Upon information and belief, Circle NYC Inc. has annual gross revenue in excess of $500,000.

17. Throughout Plaintiff's employment, Defendants Robert Kwak, Joseph Ko, and Scott Alling hired and fired employees, directed the manner in which employees performed their daily duties and assignments, and established and implemented the pay practices and work and scheduling policies at Circle NYC Inc. and XYZ Corps. Defendants Robert Kwak, Joseph Ko, and Scott Alling exercised sufficient control over Circle NYC Inc. and XYZ Corps. to be

considered Plaintiff's employers for purposes of the FLSA and the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

18. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and similarly situated persons (i.e., "tipped workers" within the meaning of the FLSA) who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-into this action (the "Circle Nightclub Employees").

19. Circle Nightclub Employees consist of approximately 11 employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wages, overtime wages, and other wages that they had earned.

20. Circle Nightclub Employees consist of employees who, during their employment with Defendants, worked as waiters at Circle Nightclub, and fall into the category of non-exempt, non-managerial employees.

21. Circle Nightclub Employees are "tipped employees" under the FLSA. 29 U.S.C. §203(t).

22. Circle Nightclub Employees are "tipped employees" under the NYLL. 12 NYCRR 146-1.3

23. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Circle Nightclub Employees by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

    a. failing to keep accurate records of hours worked by Circle Nightclub Employees as required by the FLSA and the NYLL;

    b. failing to pay Circle Nightclub Employees minimum wages for all hours worked;

    c. failing to pay Circle Nightclub Employees overtime pay for all hours worked over forty hours per week;

    d. failing to provide every Circle Nightclub Employees with pay stubs and/or paying employees in cash or "under the table";

    e. failing to pay Circle Nightclub Employees spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours; and

    f. illegally misdirecting tips and distributed them among upper management.

24. Defendants have engaged in their unlawful conduct pursuant to an admitted and openly stated policy of minimizing labor costs and denying employees their compensation, instead of paying a fair wage.

25. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Circle Nightclub Employees.

26. Circle Nightclub Employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS**

27. From the period beginning on or about February 14, 2008 and continuing until on or about May 30, 2017, Plaintiff Dong Ha Lee, worked for Defendants for three days each week. He was scheduled to work from 7:00 p.m. until well past 6:00 a.m. every Thursday, Friday, and Saturday without a scheduled break or lunch (10 hours per weekday). Plaintiff additionally worked over 7 hours per week on Circle Nightclub's promotional campaign (i.e. hanging up posters around the venue, creating event pages, selling tickets, etc…). Despite a set schedule of

40 hours per week, for which Plaintiff never received any pay, Plaintiff routinely worked in excess of 40 hours, 3-4 days per week.

28. By way of example, Plaintiff was required to do the following additional work:

a. Approximately 60 hours of work, per year, during 6 holiday events in which Circle Nightclub was open;

b. Approximately 80 hours of work, per year, during 6-7 special events in which Circle Nightclub was open and Plaintiff was required to work and sell tickets; and

c. Approximately 1000 hours of dance practice in 2012 and 2013 to perform a dance routine for Circle Nightclub patrons.

### Defendants failed to pay minimum and/or overtime wages and failed to provide paystubs or other required notices.

29. Plaintiff never received any wages while employed with Defendants.

30. Plaintiff (and all Circle Nightclub Employees) were always paid in cash – through the "tips" management would collect and distribute without the notices required under FLSA and NYLL.

31. Plaintiff never received any overtime compensation for the hours over 40 that they worked every week.

32. The Defendants did not provide paychecks or paystubs to Plaintiff.

33. The Defendants did not provide Plaintiff with notices informing them of, *inter alia*, their rate of pay and Defendants' tip-sharing at the time of hiring or at any time during their employment with Defendants.

### FIRST CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Minimum Wage)

34. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Defendants are employers within the meaning of 29 U.S.C. §§ 201, *et seq.*

36. Defendants were required to pay Plaintiff and Circle Nightclub Employees the applicable minimum wage rate for each hour that they worked.

37. Defendants failed to pay Plaintiff and Circle Nightclub Employees the minimum wages to which they were entitled under the FLSA.

38. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the Circle Nightclub Employees.

39. As a result of Defendants' willful violations of the FLSA, Plaintiff and the Circle Nightclub Employees have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
(New York Labor Law – Unpaid Minimum Wage)

40. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendants are employers within the meaning of the NYLL § 190 and supporting New York State Department of Labor Regulations, NY Lab L §§ 651(5) and 652.

42. Defendants failed to pay Plaintiff and the Circle Nightclub Employees the minimum wages to which they were entitled under the NYLL.

43. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Circle Nightclub Employees minimum hourly wages.

44. As a result of Defendants' willful violations of the NYLL, Plaintiff and the

Circle Nightclub Employees have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CAUSE OF ACTION
(Fair Labor Standards Act – Unpaid Overtime)

45.  Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 41 as if fully set forth herein.

46.  Defendants were required to pay Plaintiff and the Circle Nightclub Employees one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207.

47.  Defendants failed to pay Plaintiff and the Circle Nightclub Employees the overtime wages to which they were entitled under the FLSA.

48.  Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the Circle Nightclub Employees overtime wages.

49.  Due to Defendants' violations of the FLSA, Plaintiff and the Circle Nightclub Employees are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## FOURTH CAUSE OF ACTION
(New York Labor Law – Unpaid Overtime)

50.  Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.  Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Circle Nightclub Employees one

and one half (1.5) times the regular rate of pay for all hours that they worked in excess of 40 in a workweek.

52. Defendants failed to pay Plaintiff and the Circle Nightclub Employees the overtime wages to which they were entitled under N.Y. Labor Law § 652, in violation of 12 CRR-NY 142-2.2.

53. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Circle Nightclub Employees overtime wages.

54. Due to Defendants' willful violations of the NYLL, Plaintiff and the Circle Nightclub Employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CAUSE OF ACTION
(New York Labor Law – Spread-of-Hours Pay)

55. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 51 as if fully set forth herein.

56. Defendants willfully failed to pay Plaintiff and the Circle Nightclub Employees additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

57. By Defendants' failure to pay Plaintiff and the Circle Nightclub Employees spread-of- hours pay, Defendants willfully violated the NYLL Article 19, §§ 650-65, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 142-2.18 and 146-1.6.

58. Due to Defendants' willful violations of the NYLL, Plaintiff and the Circle Nightclub Employees are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CAUSE OF ACTION
(New York Labor Law – Wage Theft Prevention Act)

59. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 59 as if fully set forth herein.

60. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay. From its enactment on April 9, 2011 through 2014, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment.

61. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

62. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff and the Circle Nightclub Employees without providing wage statements accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

63. Defendants never required Circle Nightclub Employees to complete any tax or immigration status paperwork, including, but not limited to W4 forms, at the time of hire.

64. Plaintiff and the Circle Nightclub Employees were paid in cash with the tips they collected. No documentation or pay stubs were ever provided to Plaintiff or the Circle Nightclub Employees.

65. In violation of NYLL § 195, Defendants failed to furnish to Plaintiff and the Circle Nightclub Employees at the time of hiring, whenever there was a change to their rates of pay, and on or before February 1 of each year of employment through 2014, wage notices

containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

66. Defendants failed to furnish Plaintiff and the Circle Nightclub Employees with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

67. Due to Defendants' violation of NYLL § 195(1), Plaintiff and each member of the Circle Nightclub Employees are entitled to recover from Defendants liquidated damages of $50 per day that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

68. Due to Defendants' violation of NYLL § 195(3), Plaintiff and each member of the Circle Nightclub Employees are entitled to recover from Defendants liquidated damages of $300 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL §

198(1-b).

## SEVENTH CAUSE OF ACTION
[Fair Labor Standards Act – Tips and Service Charges]

69. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 68 as if fully set forth herein.

70. Plaintiff and Circle Nightclub Employees have not been allowed to keep all of their earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of FLSA, 29 U.S.C. § 203 (m).

## EIGHTH CAUSE OF ACTION
[New York Labor Law – Tips and Service Charges]

71. Plaintiff repeats and re-alleges the foregoing allegations contained in paragraphs 1 through 70 as if fully set forth herein.

72. Plaintiff and Circle Nightclub Employees have not been allowed to keep all of their earned gratuities and service charges and such gratuities and service charges have been misdirected to non-service workers and management in violation of NYLL §§ 190 et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

    a. Authorizing the issuance of notice at the earliest possible time to all Circle Nightclub Employees who were employed by Defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

    c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

    d. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

    e. declaring that Defendants' violations of the FLSA and NYLL were willful;

f.  enjoining future violations of the FLSA and NYLL by Defendants;

g.  awarding Plaintiff damages for unpaid minimum and overtime wages, unlawfully retained gratuities, and spread-of-hours pay;

h.  awarding Plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i.  awarding Plaintiff liquidated damages as a result of Defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

j.  awarding Plaintiff pre- and post-judgment interest under the NYLL;

k.  awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.  awarding such other and further relief as the Court deems just and proper.

Dated: June 1, 2018  
      Flushing, New York

Respectfully submitted,  
Kim & Bae, P.C.  
*Attorneys for the Plaintiff*

By:    /s/ *Farzad Ramin*  
Farzad Ramin  
154-08 Northern Blvd., Suite 2G  
Flushing, New York 11354  
(718) 321-0770