UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONG HA LEE, on behalf of himself and all others similarly situated,

                            Plaintiff,

                -against-

CIRCLE NYC INC., ROBERT KWAK, JOSEPH KO, SCOTT ALLING, JOHN AND JANE DOES 1-10 and XYZ CORPS 1-10,

                            Defendants.

Civil Action No. 18 Civ. 04854 (SHS)

**ANSWER**

Defendants Circle NY INC., Robert Kwak, Joseph Ko and Scott Alling (collectively "Defendants"), by and through their undersigned attorneys, respectfully answer the Complaint as follows:

## NATURE OF THE ACTION

1. Defendants admit the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

## VENUE

4. Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

## PARTIES

5. Defendants admit the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

14. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

16. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

17. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

20. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

21. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 23a,b,c,d,e,f of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

25. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

## PLAINTIFF'S EMPLOYMENT WITH DEFENDANTS

26. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 28a,b and c of the Complaint.

**Defendants failed to pay minimum and/or overtime wages and failed to provide paystubs and other required notices**

28. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act–Unpaid Minimum Wage)**

33. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "33" above as if more fully set forth herein in full.

34. Defendants deny the allegations set forth in Paragraph 35 of the Complaint.

35. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

36. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

### SECOND CAUSE OF ACTION
**(New York Labor Law–Unpaid Minimum Wage)**

39. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "39" above as if more fully set forth herein in full.

40. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

43. Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

### THIRD CAUSE OF ACTION
**(Fair Labor Standard Act–Unpaid Overtime)**

44. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "44" above as if more fully set forth herein in full.

45. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

## FOURTH CAUSE OF ACTION
### (New York Labor Law–Unpaid Overtime)

49. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "49" above as if more fully set forth herein in full.

50. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

53. Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

## FIFTH CAUSE OF ACTION
### (New York Labor Law–Spread-of-Hours Pay)

54. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "54" above as if more fully set forth herein in full.

55. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

## SIXTH CAUSE OF ACTION
### (New York Labor Law–Wage Theft Prevention Act)

58. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "58" above as if more fully set forth herein in full.

59. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

61. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Fair Labor Standards Act–Tips and Service Charges)

68. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "68" above as if more fully set forth herein in full.

69. Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

## EIGHTH CAUSE OF ACTION
### (New York Labor Law–Tips and Service Charges)

70. Defendants repeat and reiterate each and every response set forth in paragraphs "1" through "70" above as if more fully set forth herein in full.

71. Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

72. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

73. Plaintiffs' claims and the claims of the putative class members are barred in whole or in part because, at all times relevant hereto, Defendants have acted in good faith and have not

violated any rights that may be secured to Plaintiff or the putative class members under any federal, state, or local laws, rules, regulations or guidelines.

### THIRD AFFIRMATIVE DEFENSE

74.     The Complaint and each and every purported cause of action alleged therein is barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

75.     The Complaint and each and every putative cause of action of alleged there may be barred by the doctrine of "unclean hands."

### FIFTH AFFIRMATIVE DEFENSE

76.     Plaintiffs' claims and those of the putative class members they purport to represent are barred in whole or in part by the doctrines of waiver, estoppel, laches, res judicata or ratification.

### SIXTH AFFIRMATIVE DEFENSE

77.     Plaintiffs' claims and those of the putative class members they purport to represent are barred by the parol evidence rule.

### SEVENTH AFFIRMATIVE DEFENSE

78.     Plaintiffs' Complaint and each and every purported claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, is barred because at all times relevant hereto, the answer Defendants did not require Plaintiffs or any purportedly similarly-situated individuals to work any hours without appropriate compensation or otherwise, and Defendants otherwise did not know or have reason to know that Plaintiffs or any purportedly similarly-situated individuals worked any hours without appropriate compensation or otherwise.

**EIGHTH AFFIRMATIVE DEFENSE**

79. Plaintiffs'; claims and those of the putative class members they purport to represent are barred because they were not employed by all Defendants.

**NINTH AFFIRMATIVE DEFENSE**

80. Plaintiffs and the putative class members they purport to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore, are barred from recovering any damages or any damages awarded to them should be reduced accordingly.

**TENTH AFFIRMATIVE DEFENSE**

81. Plaintiffs have not satisfied and cannot satisfy the requirement of certification of any type of class under the FLSA, the Federal Rules of Civil Procedure and/or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

    a. Plaintiffs have failed to plead and/or cannot establish the necessary procedural elements and requirements for treatment as such an action, and such treatment, is neither appropriate nor constitutional; and/or

    b. Such an action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; and/or

    c. Common issues of fact or law which are of legal significance do not predominate, any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiffs and the putative class members they purport to represent, and/or individual issues predominate which will require a detailed, fact-specific and individualized

inquiry that must be decided employee-by-employee for each and every work day and/or work week; and/or

    d. Plaintiffs are not similarly situated to any of the putative class members they purport to represent and their claims are not representative or typical of those of such putative class members; and/or

    e. Plaintiffs are not proper class representatives or representative plaintiffs; and/or

    f. The named Plaintiffs and alleged putative class counsel are not adequate representatives for any alleged putative classes because they are not able to fairly and adequately represent and protect the interests of all of the putative class members they purport to represent; and/or

    g. There is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the putative class members they purport to represent; and/or

    h. Any alleged putative classes are not ascertainable, nor are their members identifiable; and/or

    i. To the extent any alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impractical; and/or

    j. a far speedier administrative remedy before state and/or federal administrative agencies is available to Plaintiffs and the putative class members they purport to represent, and, therefore, treatment as a class action, collective action or representative action is not the superior method for resolving the alleged claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

82. The Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations to the extent that Plaintiffs and/or putative class members did not work for the Defendant restaurants during the relevant statutory periods for each of the alleged federal and state violations of law.

**TWELFTH AFFIRMATIVE DEFENSE**

83. The relief sought by Plaintiffs and the putative class members they purport to represent is barred, in whole or in part, because, at all relevant times, Defendants' acts were not willful and Defendants acted in good faith with respect to Plaintiffs and the putative class members and had reasonable grounds to believe that their conduct did not violate any applicable law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

84. The relief sought by Plaintiffs and the putative class members they purport to represent is barred, in whole or in part, by the fact that Plaintiffs and the putative class members were paid all compensation a id benefits to which they were lawfully entitled and to which they voluntarily agreed and expected.

**FOURTEENTH AFFIRMATIVE DEFENSE**

85. Defendants reserve the right to assert that some or all of Plaintiffs' claims and the claims of the putative class members claims and/or their demands for relief are barred or are otherwise not actionable because of the after acquired evidence doctrine and conduct of Plaintiffs if the facts reveal this to be the case upon completion of discovery.

### FIFTEENTH AFFIRMATIVE DEFENSE

86. Plaintiffs' claims and those of the putative class members they purport to represent are barred in whole or in part because he has failed to satisfy the applicable statutory prerequisites for his purported claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

87. Plaintiffs' claims and the claims of the putative class members are barred in whole or in part by Plaintiff s failure to satisfy the jurisdictional prerequisites and/or conditions precedent to asserting any or all such claims.

### SEVENTEENTH AFFIRMATIVE DEFENSE

88. Plaintiffs' claims are barred in whole or in part by the doctrine of accord and satisfaction.

### EIGHTEENTH AFFIRMATIVE DEFENSE

89. The answering Defendants are entitled to a setoff for amounts Plaintiffs and any purportedly similarly-situated individuals owe for receipt of any wages, compensation, money and/or other benefits to which they were not entitled and/or did not earn.

### NINETEENTH AFFIRMATIVE DEFENSE

90. Plaintiffs' claims and those of any purportedly similarly-situated individuals are barred, in whole or in pmt, because they lack standing, including, without limitation, they have not suffered any injury in fact and have not lost money or property, or have been made whole.

### TWENTIETH AFFIRMATIVE DEFENSE

91. Plaintiffs' claims and those of the putative class members they purport to represent are barred, in whole or in part, because they lack standing to bring the claims.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

92. Plaintiffs' Complaint and each and every claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, are barred because any losses are de minimis and cannot be recovered.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

93. The Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

94. The answering Defendants' actions with reference to Plaintiffs and any purportedly similarly-situated individuals were taken in good faith exercise of their professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to them at the time.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

95. Plaintiffs' Complaint and each and every claim alleged therein, individually and on behalf of any purportedly similarly-situated individuals, are barred in whole or in part by the doctrine of release by virtue of their acceptance of final payment f wages to them and their agreement that no other wages were owed.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

96. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they have or may have additional, yet unstated defenses. Defendants reserve the right to assert additional defenses in the event their investigation or discovery indicates that additional defenses are appropriate.

**WHEREFORE**, Defendants pray for judgment against Plaintiffs as follows:

1. Dismissing the Plaintiff's Complaint;

2. For attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 8, 2018

        **MORRISON TENENBAUM PLLC**

        By:/S/ <u>Lawrence F. Morrison</u>
        Lawrence F. Morrison
        87 Walker Street, Floor 2
        New York, New York  10013
        Tel.:  (212) 620-0938
        Cell:  (347) 236-2895
        Fax:  (646) 390-5095

        *Attorneys for Defendants*

TO: KIM & BAE, P.C. VIA ECF
Farzad Ramin
154-08 Northern Boulevard, Suite 2G
Flushing, New York  11354
Tel.: (718) 321-0770

*Attorneys for Plaintiff*