

| | | | |
|---|---|---|---|
| 40-21 Bell Blvd., Second Floor<br>Bayside, NY 11361<br>T. 718.321.0770  F. 718.321.0799 | Kim & Bae Building<br>2160 North Central Road, Suite 303<br>Fort Lee, NJ 07024<br>T. 201.585.2288  F. 201.585.2246 | 45 Rockefeller Plaza, Suite 2000<br>New York, NY 10111<br>T. 212.319.6888 | * Please reply to Bayside office |

January 21, 2019

**Via ECF**
The Honorable Sidney H. Stein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        **Re:**    Lee v. Circle NYC Inc., et al.
                1:18-cv-04854

Dear Judge Stein:

      This law firm represents Plaintiff, Dong Ha Lee ("Plaintiff"), in the above-captioned action. The parties jointly and respectively write to inform Your Honor that the parties have reached a settlement and submit this letter motion to request Court approval of the settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and dismissal of this action in its entirety with prejudice pursuant to Cheeks v. Freeport Pancake House, Inc., 763 F.3d 199 (2d Cir. 2015) and Rule 41 of the Federal Rules of Civil Procedure. The parties have memorialized their resolution of Plaintiff's claims in a Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached hereto as Exhibit 1, and a Stipulation and Proposed Order of Dismissal with Prejudice is attached hereto as Exhibit 2 for the Court's consideration and approval.

### BACKGROUND AND PROCEDURAL HISTORY

      As the Court is aware, this wage and hour lawsuit is related to another wage and hour case that was settled before Your Honor entitled, *Min Kyu Song, Andy Chung, Jong Hyuk Moon,* Woo Bin Im, Chang Seok Son, *individually and on behalf of others similarly situated v. Circle NYC, Inc. Robert, Kwak, Joseph Ko And Scott Alling*, Civil Action Number 17-cv-5904 (hereinafter "the First Action"). Plaintiff commenced this action by filing a Complaint on June 1, 2018 (ECF Doc. No. 1), seeking unpaid minimum wages and unpaid overtime premium pay pursuant to the FLSA and the New York Labor Law ("NYLL") §§650, *et seq.* as well as unpaid spread-of-hours pay and damages for wage notice and wage statement violations pursuant to the NYLL.

**KIM & BAE, P.C.**
ATTORNEYS AT LAW

Plaintiff worked for Defendant Circle NYC, Inc. ("Circle Nightclub"), a Manhattan nightclub operated by Defendants Robert Kwak and Joseph Ko.[1] Circle Nightclub was located at 135 West 41st Street, New York, New York 10036.

In the Complaint, Plaintiff alleges that he worked from on or about February 14, 2008 until on or about May 30, 2017. In the Complaint, Plaintiff alleged that he worked approximately three (3) days per week (Thursdays, Fridays, and Saturdays), from 7:00 p.m. until well past 6:00 a.m. – without a scheduled break or lunch. Additionally, Plaintiff alleged that he worked on other days of the week, approximately seven hours per week, on Circle Nightclub's marketing and promotional activities, including but not limited to, handing out and posting flyers, participating in dance classes for performances for Circle Nightclub patrons, and working on special event nights where Circle Nightclub was open for holidays. Plaintiff alleged that he never received any ways while employed with Defendants and instead was allowed to take home his tips. The defendants deny all of these allegations.

Plaintiff provided his "best case" damage calculations to Defendants, totaling $162,402.96, including $76,201.48 in liquidated damages. Defendants categorically denied any wrongdoing and liability and filed their Answer on August 9, 2018 (ECF Docket No. 22). Indeed, Defendants disputed Plaintiff's alleged dates of the employment, the purported hours worked by Plaintiff and the amount of wages Plaintiff was paid. Further, Defendants contended that they had meritorious defenses to Plaintiff's claims.

Thereafter, the parties engaged in discovery and settlement discussions. Plaintiff provided over 300 pages of flyers and promotional material evidencing Circle Nightclub was open on Thursdays and other nights which it did not normally operate. Defendants provided proof that Circle Nightclub ceases to exist and provided bankruptcy filings for another entity owned by Defendants.

On December 5, 2018, the parties participated in mediation before Stephen S. Sonnenberg. Mr. Sonnenberg also mediated the First Action involving Circle Nightclub. After substantive negotiations and discussions between the parties and Mr. Sonnenberg, the parties were able to reach an accord resulting in the Settlement Agreement.

Under the terms of the Settlement Agreement, Plaintiff has agreed to discontinue this lawsuit with prejudice, in exchange for, among other good and valuable consideration:

(1) Defendants agree to settle all claims brought by Plaintiff for the sum of $44,800.00 to the Plaintiff, less a $5,000.00 credit for payment already made to Plaintiff this year and acknowledged by both parties, totaling a gross-amount of $39,800.00;

(2) Additionally, Defendants will pay the sum of $16,000.00 (Attorneys' Fees) to Plaintiff's counsel representing Attorneys' Fees in this action.

---

[1] Defendant Scott Alling passed away a few weeks after Plaintiff filed his Complaint and was dismissed from the case after the initial conference before Your Honor on August 8, 2018. (ECF Docket No.: 23).



## Relevant Standard

In determining whether a proposed wage and hour settlement is fair and reasonable, the Court looks at a totality of circumstances, including, but not limited to, the following factors delineated by the Court: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations and internal quotations omitted).

## The Settlement Agreement was a Product of Arms'-length Bargaining, Accounts for Anticipated Burdens at Trial and Litigation Risk, and Compensates Plaintiff for Substantial Damages

As the Court was made aware, this action was related to the First Action before Your Honor which settled for a total of $270,000.00 for the five (5) plaintiffs. During settlement negotiations, the parties disputed: (1) the amount of hours worked by Plaintiff at Circle Nightclub; (2) Plaintiff's length of employment at Circle Nightclub; and (3) Plaintiff's job duties at Circle Nightclub. Defendants also provided evidence, which showed partial payment to Plaintiff, and Defendants insisted that Plaintiff is not owed any unpaid wages or other amounts. Plaintiff disputes the accuracy and completeness of the documentary evidence upon which Defendants rely in support of their defenses in this case. Although Defendants believe that most, if not all, of Plaintiff's claims in this case should be dismissed on summary judgment, Defendants realize that there is the potential risk for significant expenses and have made a cost benefit analysis that this case should be settled.

Notwithstanding Plaintiff's objections to the documentary evidence provided by Defendants in support of their defenses, Plaintiff faces obvious risks in establishing liability and damages should this case proceed. Indeed, Plaintiff is cognizant that some or all of his claims in this case may be dismissed on summary judgment, and if any of his claims survive summary judgment, the value of any recovery may be significantly less than originally anticipated. Plaintiff also took into consideration the fact that Circle Nightclub is no longer in business. During the mediation, Defendants produced evidence that Circle Nightclub was no longer in possession of the lease for Circle Nightclub. Finally, Plaintiff is aware that success in trial would depend solely on Plaintiff's testimony and credibility.

Considering the aforementioned issues as well as the inherent risks of trial, the parties respectfully submit that the Settlement Agreement is a fair and reasonable settlement of Plaintiff's claims in this action. Notably,

The parties in this case were represented by experienced employment counsel. Plaintiff was represented by Stephen Song and Farzad Ramin of Kim & Bae, P.C. Mr. Song is a partner at Kim & Bae and has over eighteen years of employment law experience and Mr. Ramin is an associate at Kim & Bae with two years of employment law experience. Likewise, Defendants' counsel, Lawrence Morrison of Morrison Tenenbaum, PLLC, is a prominent employment lawyer with many years of experience handling wage and hour cases. As noted above, the parties



participated in a full day of mediation and engaged in vigorous settlement talks after exchanging hundreds of documents.

### The Terms of Settlement

As set forth in the annexed Settlement Agreement, the Parties have agreed to settle this instant action in consideration for a total amount of $60,800.00.  See Exhibit 1.  Of this amount, the parties have given a $5,000.00 credit to Plaintiff for a payment made by Defendants to Plaintiff this year and acknowledged by both parties.  Out of that total amount, Defendants will also pay 16,000.00 in attorneys' fees.  The Settlement Agreement does not include any confidentiality or non-disparagement covenants. Jones v Smith, 319 F Supp. 3d 619 (E.D.N.Y. 2018).  Plaintiff's Settlement Amount in this action is equal to the highest paid settlement paid Circle Nightclub employee in the First Action.

### Plaintiff's Attorneys' Fees and Expenses

In addition to reviewing the fairness and adequacy of the terms of the settlement agreement, the Court must also approve and assess the reasonableness of attorneys' fees. See Wolinsky, at 344 citing 29 U.S.C. §216[b]).  The trend in the Second Circuit is toward the "percentage" method as opposed to the "loadstar" method, which the Second Circuit has noted that; "[It] is not perfect. It creates an incentive for attorneys to bill as many hours as possible, to do unnecessary work, and for these reasons also can create a disincentive to early settlement." McDaniel v County of Schenectady, 595 F3d 411, 418 (2d Cir. 2010). "A one-third contingency fee is a commonly accepted fee in this Circuit." Calle v Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014).  While Plaintiff's counsel has a one-third retainer agreement with Plaintiff, Plaintiff's counsel seeks only $16,000.00, which represents approximately twenty-six (26) percent of the total settlement amount.

### The Court Should Find that the Settlement is Fair and Reasonable

For the reasons stated herein, the parties jointly and respectfully submit that the Settlement Agreement is fair, reasonable and an equitable resolution of this lawsuit. Accordingly, the parties jointly and respectfully request approval of the Settlement Agreement and dismissal of this action with prejudice.

    Respectfully submitted,
    **KIM & BAE, P.C.**

    */s/ Farzad Ramin*
    BY: Farzad Ramin